**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHARLES LARRY HUNNICUTT,       ) | | |
| ID # 09093307,                             ) | | |
|       Plaintiff,                       ) | | |
| vs.                                                    ) | | No. 3:10-CV-0618-L-BH |
|                                                  ) | | |
| CRAIG WATKIN, et al.,                ) | | |
|       Defendants.                 ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for screening.

**I. BACKGROUND**

Plaintiff, a prisoner currently detained in the Dallas County Jail awaiting trial, brings this action under 42 U.S.C. § 1983 and unspecified provisions of the Rehabilitation Act and Americans with Disabilities Act ("ADA"). (*See* Compl. at 3-4(B);[1] Answers to Magistrate Judge's Questionnaire ("MJQ")[2].) He claims that Dallas County District Attorney Craig Watkin ("DA") and Dallas County Sheriff Lupe Valdez ("Sheriff") are illegally detaining him pursuant to a fundamentally defective indictment returned February 1, 2010. (*See* Compl. at 3-4(B); MJQ, Answers 1 and 2.) He also claims that the Sheriff has subjected him to cruel and unusual punishment by serving him fourteen-year-old packaged peach desserts that have caused permanent swelling in his lower body.[3] (Compl. at 3, 4(B); MJQ, Answer 2.) He alleges that Dallas County District Clerk Garry

---

[1] Plaintiff attaches two pages to the standard complaint that are numbered 4(A) and 4(B).

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3] It is only with respect to this claim that Plaintiff also mentions that he is protected under the Rehabilitation Act and ADA. (*See* MJQ, Answer 2.)

Fitzsimmons ("Clerk") deliberately filed his request for examining trial on January 6, 2009, instead of January 6, 2010. (Compl. at 3-4(A); MJQ, Answer 3.) Finally, he sues his defense attorney Jorge Sanchez ("Attorney") for not providing representation since his appointment on or about December 17, 2009. (Compl. at 3-4(A); MJQ, Answer 4.) Charges of aggravated sexual assault remain pending against Plaintiff at this time. (*See* Compl. at 4; MJQ, Answer 5.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels

and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. AMERICANS WITH DISABILITY ACT AND REHABILITATION ACT

Plaintiff attempts to bring a claim under the ADA and the Rehabilitation Act against the Sheriff for serving him desserts past their expiration date. (*See* MJQ, Answer 2.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). A "public entity" is broadly defined as "(A) any State or local government"; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Corporation, and any commuter authority." *Id.* § 12131(1). The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act of 1973; in fact, the statute specifically provides that "the remedies, procedures and rights" available under Section 504 shall be the same as those available under Title II. *Id.* § 12133; *Hainze*, 207 F.3d at 799. Under both the ADA and the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in, or denied benefits of, services, programs, or activities by a public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997).

Here, although Plaintiff claims that legal blindness makes him a qualified individual, he does not claim that he was excluded from or denied benefits of a public entity because of his disability. Accordingly, Plaintiff he fails to state a plausible claim under either the ADA or Rehabilitation Act.

## IV.  SECTION 1983

Plaintiff also brings this action under 42 U.S.C. § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. *Heck* Bar

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  512 U.S. at 486-87.  *Heck* does not extend to pending criminal matters.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  When *Heck* may have future implications in a particular case, the civil case should be stayed "until the criminal case or the likelihood of a criminal case is ended."  *See id.*; *accord Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

Notwithstanding *Heck*, courts may still screen claims on other grounds apparent in the record.  *Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004).  *Heck* may be sidestepped "when the case presents issues that are appropriate for early and final determination."

4

*Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *8 (N.D. Tex. Jan. 29, 2008) (accepting recommendation of Mag. J.).[4] This case presents such issues.

**B. No State Action**

Plaintiff sues his appointed defense attorney for constitutional violations. (*See* Compl. at 3-4(B); MJQ, Answers 1-4.)

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Although a private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989), Plaintiff has made no allegation that his attorney was a state actor. He only complains that the attorney did not take adequate action in his case. (Compl. at 3-4(A); MJQ, Answer 4.) Plaintiff has failed to state a viable claim under § 1983 against his attorney, and the claims against him should be dismissed.

---

[4] For example, issues of immunity should be determined as early in the proceedings as possible. *See*, *e.g.*, *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). Additionally, courts properly make an early determination regarding whether an individual or entity is a proper party to the litigation. *See Solesbee*, 2008 WL 244343, at *8 (accepting recommendation that private actors should be dismissed early in § 1983 proceedings); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that improperly named entities should be dismissed early in the proceedings).

C. <u>**No Constitutional Violations**</u>

Plaintiff also sues three county officials for alleged constitutional violations.

**1.** *Defective Indictment*

Plaintiff initially claims that the DA and Sheriff are illegally detaining him on a defective indictment which states that he committed aggravated sexual assault on three dates when he was either incarcerated on a prior offense or when the complainant resided outside of Texas. (Compl. at 3-4(B); MJQ, Answers 1-2.)

The validity of an indictment is a matter of state law that does not raise an issue of constitutional dimension unless it is so defective that the state court lacks jurisdiction. *See*, *e.g.*, *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009). In Texas, even substantive defects in an indictment do not deprive the trial court of jurisdiction. *See*, *e.g.*, *Cook v. State*, 902 S.W.2d 471, 476-77 (Tex. Crim. App. 1995); *Houston v. State*, 286 S.W.3d 604, 613 (Tex. App. – Beaumont 2009, pet ref'd), *cert. denied* 130 S. Ct. 1082 (2010). To be sufficient, a Texas indictment must charge "a person with the commission of an offense." *Cook*, 902 S.W.2d at 477.

Here, Plaintiff does not allege that the state court lacks jurisdiction to convict him of the charges alleged in the indictment, and his allegations reflect that the indictment charges him with aggravated sexual assault. Because the alleged defect is insufficient to deprive the state court of jurisdiction, this claim fails to state a constitutional violation that may be remedied under § 1983.

**2.** *Out-of-date Desserts*

Plaintiff next claims that the Sheriff has subjected him to cruel and unusual punishment by serving out-of-date desserts. (Compl. at 3, 4(B); MJQ, Answer 2.)

As a pretrial detainee, Plaintiff's constitutional rights to adequate conditions of confinement

"flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Under either amendment, the inquiry is the same. *Id.* at 643. To be found liable for denying humane conditions of confinement, a prison official must know about and disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Two requirements must be met. *Id.* at 834. First, the alleged deprivation must "be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (citations omitted). The second requirement "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates'" constitutional concerns – the "prison official must have a 'sufficiently culpable state of mind.'" *Id.* (citations omitted). In short, the plaintiff must "show that a state official acted with deliberate indifference to a substantial risk of serious . . . harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).

Plaintiff does not allege that the Sheriff knew that the desserts were out-of-date or that they posed an excessive risk to inmate health. Because he has not alleged that the Sheriff acted deliberately indifferent to a known substantial risk of serious harm, Plaintiff has stated no viable claim. He also fails to allege sufficient facts to state a plausible claim that eating the out-of-date desserts caused permanent swelling in various parts of his body. Plaintiff has failed to state a claim upon which relief can be granted.

### 3. *Examining Trial*

Plaintiff also claims that the Clerk deliberately filed his request for examining trial on the

wrong date, and that this denied him his constitutional right to an examining trial before he was indicted on February 1, 2010. (Compl. at 3-4(A); MJQ, Answer 3.) He submits a *pro se* "Motion for Examining Trial" signed December 31, 2009, that bears a file-stamp date of January 6, 2009. (*See* Ex. A attached to Compl.)

The right to an examining trial arises under state, not federal, law. *Texas v. Reimer*, 678 F.2d 1232, 1233-34 (5th Cir. 1982). A failure to conduct an examining trial infringes no federal or constitutional right. *See Stewart v. Creuzot*, No. 3:09-CV-2142-M, 2010 WL 307433, at *2 (N.D. Tex. Jan. 26, 2010) (accepting recommendation of Mag. J.); *Stewart v. Dickey*, No. 3:09-CV-0383-B, 2009 WL 1956454, at *3 (N.D. Tex. July 6, 2009) (same). Although the State right terminates once an indictment is returned, *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 426 (Tex. Crim. App. 1990), the "[f]ailure to grant an examining trial prior to the return of the indictment in no way affects its validity", *Reimer*, 678 F.2d at 1233. Under Texas law, the purpose and justification for an examining trial are satisfied by the return of a grand jury indictment. *Holmes*, 784 S.W.2d at 425.

Plaintiff has failed to state a plausible claim upon which relief can be granted against the Clerk under § 1983.

## V. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 28th day of April, 2010.**

    _____
    IRMA CARRILLO RAMIREZ
    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    _____
    IRMA CARRILLO RAMIREZ
    UNITED STATES MAGISTRATE JUDGE

9