IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES LARRY HUNNICUTT**, **ID # 09093307**, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:10-CV-618-L** |
| **CRAIG WATKIN, et al.**, | § § § | |
| Defendants. | § § | |

## ORDER

Plaintiff filed his complaint in this civil rights action pursuant to 42 U.S.C. § 1983 and unspecified provisions of the Rehabilitation Act ("RA") and Americans with Disabilities Act ("ADA") on March 29, 2010. The case was referred to Magistrate Judge Irma Carrillo Ramirez pursuant to Special Order 3-251 and the provisions of 28 U.S.C. § 636(b). On April 28, 2010, the magistrate judge filed her Findings, Conclusions, and Recommendation ("Report"). Plaintiff filed no objections to the Report.

The magistrate judge recommends that the court summarily dismiss this action with prejudice for Plaintiff's failure to state a plausible claim upon which relief can be granted. Her recommendation is premised upon the nature of Plaintiff's claims, which seek relief against Defendants for alleged conduct that is not governed by the ADA, RA, or Section 1983. For example, Plaintiff attempts to bring a claim under the ADA and RA against Defendant Dallas County Sheriff Lupe Valdez for serving him expired desserts. Under both the ADA and RA, a plaintiff must demonstrate not only that he is a qualified individual, but that he was excluded from participation in or was denied benefits of activities by a public entity because of his disability. *See*

**Order – Page 1**

*Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). Here, although Plaintiff has alleged that he is a qualified individual because he is legally blind, he has not demonstrated that he was served expired desserts because of his blindness.

As to his Section 1983 claims, Plaintiff has alleged nothing that would rise to the level of constitutional violation, nor has he alleged anything that would rise to the level of deliberate indifference on the part of state actors.* He has also sued his defense attorney, Defendant Jorge Sanchez, under Section 1983 for failing to provide representation; his defense attorney cannot rightfully be considered a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender is not a state actor when performing a lawyer's traditional functions in a criminal proceeding).

Having reviewed the filings, record, applicable law, and Report in this case, the court **determines** that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. Accordingly, the court **dismisses with prejudice** this action. A judgment will issue by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 17th day of May, 2010.

                                                Sam A. Lindsay
                                                United States District Judge

---

*Plaintiff, *inter alia*, has alleged that his indictment was defective and that his request for an examining trial was improperly filed. Both of these issues turn on state law and do not implicate an error of constitutional dimension unless so damaging that the state court actually loses its jurisdiction. *See, e.g.*, *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009).

**Order – Page 2**